66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. WARREN, Jr., Plaintiff-Appellant,
v.
Sam KEY, Security Major (MACC), Probation and Parole,
Oklahoma City, Oklahoma, and Michael Taylor,
Special Investigator, Mack H. Alford
Correctional Center,
Defendants-Appellees.
 No. 95-7034.
(D.C.No. CV-93-805-B).
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 LOGAN.
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff William H. Warren brought this pro se 42 U.S.C.1983 action alleging that defendants Sam Key and Michael Taylor, employees of the Mack H. Alford Correctional Center, violated his rights under the First and Fourteenth Amendments.[2] The complaint included charges of harassment and retaliation which allegedly culminated in plaintiff's transfer to a different institution and reflected adversely upon him at a parole hearing.
 
 
 3
 The district court denied defendant's summary judgment motion which asserted that the action was time-barred, but it dismissed the complaint sua sponte pursuant to 28 U.S.C.1915(d). We review a 1915 dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 4
 Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Plaintiff's complaint, however, contains a litany of allegations, most of which fail to allege personal participation by defendants Key and Taylor. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.1988) ( 1983 liability requires personal participation by the defendant). The district court did not abuse its discretion in dismissing these charges.
 
 
 5
 The principal focus of the suit appears to be a urinalysis plaintiff alleges was tampered with, or wrongly attributed to plaintiff. These allegations are not directed at defendants Key and Taylor. The documents reflect other individuals collected and tested the sample. While there is a missing test sample (# K87-00062) and the "62" appears to have been changed to a "63," plaintiff does not state that defendants were involved. Of course, samples could have an error. The only involvement of defendants was that they wrote up the offense report that followed.
 
 
 6
 As to the allegations specifically directed at the defendants, we agree with the district court that they are vague, conclusory, lack an arguable basis in law or fact, and also properly were dismissed. Nietzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's charges of harassment and having false information placed in his file when he was transferred to a different institution cannot reasonably be read to state a claim against Key and Taylor upon which plaintiff might prevail. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim").
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff first filed suit in 1987 against another prison employee, and amended that action to add Key and Taylor as defendants and to make additional claims. The district court dismissed that action as frivolous. Our court affirmed the dismissal except as to the allegations added in the amended complaint, which were remanded to the district court for disposition. Warren v. Wallman, No. 87-2031 (10th Cir. Mar. 1, 1989) (unpublished). The district court ultimately dismissed the case as frivolous. On appeal for the second time, we affirmed except as the defendants Key and Taylor. Because those defendants had not been served with process, we vacated the district court order as to them with instructions that Key and Taylor should have been dismissed without prejudice. Warren v. Wallman, No. 92-7040 (10th Cir. Jan. 6, 1993) (unpublished); Fed.R.Civ.P. 4(j). We now decide plaintiff's third appeal